May Term, 1841.

FAUGHT
v.
CROSBY.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman,* for the plaintiff.

*C. B. Smith,* for the defendants.

---

ELLIS *v.* FORD, Executor.—In error.

*Saturday, May 29.*

---

FAUGHT *v.* CROSBY.

Assumpsit by the payee of a promissory note against the maker. Plea, that the note had been assigned, &c. *Held,* that the assignment not being denied under oath, was evidence for the defendant without proof of its execution.

ERROR to the *Hendricks* Circuit Court.

DEWEY, J.—This was an action of assumpsit on a promissory note, commenced before a justice of the peace and taken by appeal to the Circuit Court. The defendant pleaded before the justice several pleas,—among them are the general issue, and a special plea that the note had been assigned, and that the assignee still retained his interest in it. The Circuit Court rendered judgment for the plaintiff.

On the trial, the plaintiff read the note in evidence and rested his cause. The defendant then offered, as testimony, a special assignment which appeared on the back of the note, purporting to have been executed by the plaintiff through an agent, without having previously proved its execution. The plaintiff objected to the evidence and the objection was sustained.

We think this decision was wrong. The pleading questions the plaintiff's ownership of the note, and the defendant had a right to rebut the presumption of title arising from the possession of the instrument. To effect this object, the assignment was a necessary link in his chain of evidence. As the assignment was specially pleaded, and not denied under oath, proof of its execution was dispensed with by the statute. R. S. 1838. We do not mean to say, however, that had the general issue only been pleaded, there would have been a necessity, under the circumstances of the case, of proving the execution of the assignment. We make no decision on that point.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. C. Nave*, for the plaintiff.

*W. Quarles*, for the defendant.